UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VIRGINIA K. PARR,
Plaintiff-Appellant,

v.

No. 98-1872

DISTRICT 19 COMMUNITY SERVICES
BOARD, An Unincorporated
Organization,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-97-961)

Submitted: February 16, 1999

Decided: March 16, 1999

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jay J. Levit, LEVIT & MANN, Richmond, Virginia, for Appellant.
Laura G. Fox, LECLAIR RYAN, P.C., Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Virginia K. Parr filed an action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1998), against her former employer, District 19 Community Services Board (Employer), alleging that she was discriminated against because she was disabled and because Employer regarded her as disabled. The district court granted summary judgment to Employer holding that Parr failed to sufficiently show that she had a disability within the meaning of the ADA and that Employer regarded her as disabled. Parr noted a timely appeal challenging only the court's determination that she did not sufficiently show that Employer regarded her as disabled. We affirm.

The record discloses that Parr is a registered nurse with a Master's degree in social work from San Jose University. In December 1995, Parr began working as a part-time case-worker with Employer, an organization which provides mental health, mental retardation, and substance abuse services. Within a year, Employer hired Parr as a full-time case manager. Although Parr's job duties essentially remained the same, her case load increased significantly. After an internal restructuring in January 1997, Juanita Johnson became Parr's immediate supervisor. Approximately a month later, Johnson noted that Parr was not completing her client charts in a timely fashion, and began working with Parr to ameliorate the situation. In mid-April 1997, Johnson discussed this problem with Parr, at which time Parr, for the first time, disclosed that she had a learning disability.

Although Johnson continued to work with Parr, she kept her supervisor, Renae Sands, abreast of the situation. The Executive Director, Joe Hubbard, was also aware of the situation. Via e-mail, on May 1, 1997, Sands informally recommended that Parr's employment be terminated. In a reply message to Sands and Paul Hardesty, the Human

2

Resources Director, Hubbard responded, "I don't want us violating any disabilities act, but performance issues should be addressed regardless of disability. If her performance is unacceptable, do not extend past probationary period." Sands replied,"[t]he sooner we can legitimately let her go the better."

By memorandum dated May 2, 1997, Hardesty requested that Parr forward verification of her disability. Her response on May 8, 1997 included a letter from the Learning Center at San Jose University stating that Parr needed accommodations in testing situations. After receiving a complaint about the manner in which Parr handled a certain phone call, Hubbard terminated Parr's employment on May 13, 1997.

Parr filed a timely complaint with the EEOC. After receiving her Right to Sue Notice, she filed this action in the district court alleging employment discrimination on the grounds that she is disabled and that Employer regarded her as disabled. The district court granted summary judgment to Employer on both claims. On appeal, Parr limits her claim to discrimination on the grounds that Employer regarded her as disabled.

We review the district court's decision to grant or deny summary judgment de novo. See M & M Med. Supplies & Serv. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1992) (en banc). Summary judgment is proper only if no material facts are in dispute and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The ADA prohibits covered employers from discriminating against a qualified individual with a disability because of the disability in regard to the discharge of employees. See 42 U.S.C. § 12112(a). Consequently, in order to establish a case of discriminatory discharge, the plaintiff must prove that: (1) she has a disability; (2) she is a qualified individual and (3) her discharge was a result of discrimination because of the disability. See id.; Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997). An individual is"disabled" within the meaning of the ADA if he or she has: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such impairment; or (3)

3

is regarded as having such an impairment. <u>See</u> 42 U.S.C. § 12102(2) (1994). Parr claims that Employer regarded her learning disability as an impairment, thereby satisfying the third part of the definition.

We agree with the district court in its well-reasoned opinion that Parr failed to present sufficient evidence showing that she is disabled within the meaning of the ADA. Parr herself volunteered information concerning her learning disability when questioned about her work performance. Employer merely sought verification of her self-claimed disability. There is no evidence that her supervisors actually believed she was disabled as opposed to simply ineffective, for other reasons, in properly maintaining her charts.

Accordingly, we affirm the district court order granting summary judgment to Employer and dismissing her ADA claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4